## Commonwealth *v.* Cooper, Appellant.

*Criminal law—Abortion—Evidence—Charge of court.*

On the trial of an indictment for a conspiracy to commit abortion, where evidence offered on behalf of one of the prisoners tends to show that the crime was committed before the prisoner saw the woman and before she came into the county in which it was charged the crime was committed, it is reversible error for the court in its charge to assume that the act was committed in the county named.

Argued Dec. 14, 1903. Appeal, No. 71, May T., 1904, by defendant, from judgment of Q. S. Lawrence Co., March T., 1903, No. 10, on verdict of guilty, in case of Commonwealth v. Edward Cooper. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

8, (1904).]    Statement of Facts—Opinion of the Court.

Indictment for a conspiracy to commit abortion. Before
WALLACE, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty upon which judgment of sentence was
passed.

*Error assigned* was portion of charge quoted in the opinion
of the Superior Court.

*B. A. Winternitz,* with him *W. S. Anderson, F. A. Blackstone*
and *J. C. Norris,* for appellant.—An instruction which assumes
the truth of a fact asserted by one of the parties and denied by
the other is erroneous: Cole v. High, 173 Pa. 590; Forker v.
Sandy Lake Boro., 130 Pa. 123.

*Chas. E. Mehard,* district attorney, and *J. Norman Martin,*
for appellee.

OPINION BY ORLADY, J., December 16, 1904:

This defendant was charged jointly with Dr. James R.
Haun, Mrs. Della Tablitzer, and Albert Itell under an indict-
ment containing five counts. The first and second alleged the
procuring of a miscarriage resulting in the death of Mabel
Williams, by the administering of drugs or the use of instru-
ments; the third and fourth set out an attempt to procure
a miscarriage; and the fifth, a conspiracy to procure an abor-
tion. When the case was called for trial Albert Itell entered
a plea of guilty on the fifth count, and a nolle prosequi was
entered as to him on the other counts. Della Tablitzer was
acquitted by the jury. Dr. Haun and this defendant were
found not guilty as to the first four counts, and guilty on the
fifth count, charging a conspiracy to procure an abortion. Al-
bert Itell was the admitted author of the wrong done to Mabel
Williams; he made all arrangements with Dr. Haun for having
an abortion procured, and the commonwealth's case hinged on
his testimony.

In the charge to the jury, the trial judge stated: " Now
when you take up the first four counts here to consider them,
there are quite a number of questions that are really taken as
true. In the first place, there is no question but what it was
done, if anything was done, in the county of Lawrence, and

that gives us jurisdiction. In the second place so far as the first two counts are concerned, there is no question but what Mabel Williams is dead, and that she died by reason of an abortion being committed, I take it, there is no doubt as to that. There is no doubt but what she was pregnant, because both sides here say she was. Now then the question that comes for you to determine is, when was she pregnant? Was she pregnant at the time she came to New Castle? That is the first question. If you should determine that when she came to New Castle—that is on the first four counts—that she was pregnant, then you will take the next step and determine whether or not that abortion was committed in New Castle, whether the medicine was administered here, if medicine; or whether an instrument was used here, if an instrument was used. You must determine these facts and if you determine that that abortion was committed here upon Mabel Williams by the unlawful use of an instrument, or by poisonous drugs, then who did it?"

The conclusive declaration of the trial judge that, " there is no question but what it was done, if anything was done, in the county of Lawrence " summarily disposed of a fact which, while it might not have been indispensible on the charge of conspiracy it was material to the defense of Dr. Cooper under the evidence. So to declare a controverted fact, not only prejudiced this defendant's case but practically determined it against him. Dr. Cooper was entitled to have the case disposed of as if he had been tried separately. He alone made his denial under oath, and under all the evidence, he saw Mabel Williams in that county on September 5, for the first time, and before either Itell or Dr. Haun had spoken to him in relation to her illness. His case was essentially different from that of his codefendant Haun, against whom there was direct evidence of the offense charged in the fifth count. The evidence against him was circumstantial. He endeavored to show that the crime was committed before he saw Mabel Williams and before she came to Lawrence county. In this behalf he was corroborated by several reputable physicians whose testimony bore directly on this phase of the case. To assume that the crime was committed in Lawrence county deprived him of a material element of his defense.

Opinion of the Court.

As applied to this defendant the sixth assignment of error is sustained, the judgment is reversed as to Dr. Edward Cooper and the record remitted to the court below so that a new trial may be had as to him.